UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.A., a minor, by and through her Natural Mother and Next Friend, P.K., <br><br>  Plaintiffs, <br> vs. <br><br> VILLAGE VOICE MEDIA HOLDINGS, L.L.C., d/b/a backpage.com <br> Serve: <br> Registered Agent <br> National Registered Agents, Inc. <br> 160 Greentree Drive, Suite 101 <br> Dover, DE 19904 <br><br> Defendant. | Case No. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW plaintiff, M.A., a minor, by and through her Next Friend, P.K., and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for damages, attorney's fees and other appropriate relief arising under the Child Abuse Victim's Rights Act (CAVRA), 18 U.S.C. Section 2251 et seq.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1331 as the case arises under the laws of the United States.

3. Venue lies in this District pursuant to the provisions of 28 U.S.C. Section 1391.

4. This action seeks a civil remedy for personal injuries pursuant to 18 U.S.C. Section 2255, which allows a private cause of action for victims of violations of inter alia Sections 2251, 2252, 2252A, 2421, 2422, 2423 of Title 18 of the United States Code.

5. That the immunities and legal construction that an internet provider shall not be treated as the publisher or speaker of posted information that are provided in 47 U.S.C. Section 230, (Communications Decency Act) do not apply to this action as 47 U.S.C. Section 230(e)(1) does

not impair matters of enforcement of rights by victims of violations under Title 18, Chapter 110, relating to the exploitation of children. This exemption specifically includes 18 U.S.C. Section 2255 and the statutes included therein.

## PARTIES

6. Plaintiff, M.A., is a fifteen your old minor, who was fourteen years old when she was trafficked in the sex trade, and is a citizen of the State of Missouri.

7. Plaintiff, P.K., is an adult, over the age of twenty-one years, is the natural mother of Plaintiff, M.A., a minor, has been (will be) appointed as Next Friend of Plaintiff, M.A., a minor, and is a citizen of the State of Missouri.

8. Defendant, Village Voice Media Holdings, L.L.C., is an Arizona limited liability company in good standing doing business as "backpage.com" and which operates a website that allows the public to post for a fee, classified advertising for goods and services including categorized advertising for paid female escorts, and therefore defendant is an Information Content Provider and /or Internet Content facilitator within the meaning of law. Defendant also has a search engine to allow focused searches of the postings.

## VICTIMIZATION OF PLAINTIFF M.A.

9. That in 2009 and 2010 Plaintiff M.A., a minor, while being a fourteen year old runaway child, was being sexually trafficked as a paid escort for sex by Latasha Jewell McFarland, an adult, who has plead guilty to criminal activities relating to the allegations herein and has admitted to the following facts in open court which are stated as facts hereinafter: photographing minor M.A. in pornographic poises; posting this child pornography on defendant's website, backpage.com in advertisements seeking sex from paying customers; paying backpage.com for these postings; transporting minor M.A. for the purpose of sexual liaisons for money with adult male customers obtained through defendant's website; collecting money for minor M.A.'s sexual services from these customers; and purchasing goods to facilitate these sexual services.

10. In 2009 and 2010, Defendant posted many advertisements which included explicit nude photographs of Plaintiff, M.A., a minor, advertising her services as an escort for sex on defendant's backpage.com website and received fees for each posting.

11. That defendant had knowledge that: explicit sexual photographs were being posted on its website; that postings on their website were advertisements for prostitution services; that minors were included in these postings for prostitution on its website; that sex trafficking of minors was prolific in the United States of America; that the internet including their service was used for advertisements for illegal sexual conduct, including child exploitation.

12. By posting explicit nude photographs of Plaintiff, M.A., a minor, in an advertisement which advertised her services as an escort for sex on backpage.com, Defendant aided and abetted McFarland in the crime of facilitating prostitution, exploitation of children and child pornography and in violating each criminal statute hereinafter alleged, in that: Defendant had a strong suspicion that the aforementioned crimes were being committed yet was so indifferent that it failed to investigate for fear of what it would learn; Defendant had a desire that these posters accomplished their nefarious illegal prostitution activities so that the posters would return to the website and pay for more posting. Therefore, actual knowledge of the specific crime is unnecessary based upon the "ostrich rule" which allows an inference of knowledge in that at best, defendant was deliberately ignorant of the specific crimes that were being committed on its website.

13. That minor M.A. was a victim of multiple violation of Title 18 sections 2251 (sexual exploitation of children), 2252 (computer use in sexual exploitation of children), 2252A (child pornography), 2421(transportation of a person for prostitution), 2422 (coercion and enticement to act as a prostitute) and 2423(transportation of a minor for sexual activities) by McFarland and Defendant backpage.com as aider and abettor.

14. Pursuant to 47 U.S.C. Section 230, no immunity attaches in favor of Defendant as Defendant has aided and abetted crimes against a child under 18 U.S.C. Sections 2251, 2252,

2252A, 2421, 2422, 2423, relating to maintaining and operating backpage.com which is a facilitator of child pornography and facilitator of child prostitution.

15. Plaintiff M.A., a minor, was a victim of a violation of 18 U.S.C. 2251, 2252, 2252A, 2421, 2422 and 2423 and as a direct result of such violations Plaintiff M.A., a minor, suffered, suffers and will in the future continue to suffer, personal injury, including mental anguish and emotional distress, and all such injuries are permanent and progressive.

16. That as a direct result of Defendant's violations of 18 U.S.C. sections 2251, 2252, 2252A, 2421, 2422 and 2423, which victimized Plaintiff M.A., a minor, M.A. will need money for reasonable medical, doctor and hospital care and will be caused to undergo further reasonable and necessary medical care and treatment the future. That 18 U.S.C. Section 2255 provides for a minimum of $150,000.00 as damages for a victim for each of the aforesaid violations and reasonable attorney's fees, and each photograph constitutes a separate violation and each publication or posting constitutes a separate violation.

WHEREFORE, Plaintiff M.A., a minor, by and through her Next Friend P.K. and P.K. individually, prays judgment against Defendant Village Voice Media Holdings, L.L.C. d/b/a backpage.com, for a fair and reasonable amount and for One Hundred Fifty Thousand Dollars ($150,000.00) for each violation alleged above, reasonable attorney's fees, and for their costs expended herein, and for such other and further relief as the Court finds appropriate.

Respectfully Submitted,

*[signature]*

Robert H. Pedroli, Jr. - #7616
Daniel J. Gauthier - # 27525
Eric A. Ruttencutter - #4237
PEDROLI & GAUTHIER
Attorneys for Plaintiff
7777 Bonhomme Avenue, Suite 2250
Clayton, MO 63105-1911
314/726-1817
314/726-6087 (Fax)