UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| M.A., a minor, by and through her Natural Mother and Next Friend, P.K., | ) ) ) | |
| Plaintiffs, | ) | Case No.  4:10-CV-1740 TCM |
| vs. | ) ) | |
| VILLAGE VOICE MEDIA HOLDINGS, L.L.C., d/b/a backpage.com | ) ) ) | |
| AND | ) ) | |
| BACKPAGE.COM, LLC | ) ) | |
| Defendants. | ) | |

FIRST AMENDED COMPLAINT FOR DAMAGES

COUNT I

COMES NOW plaintiff, M.A., a minor, by and through her Next Friend, P.K., and for

Count I of their First Amended Complaint for Damages, hereby alleges as follows:

NATURE OF THE ACTION

1. This is an action for damages, attorney's fees and other appropriate relief arising under

the Child Abuse Victim's Rights Act (CAVRA), 18 U.S.C. Section 2251 et seq.

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1331 as the

case arises under the laws of the United States.

3. Venue lies in this District pursuant to the provisions of 28 U.S.C. Section 1391.

4. This action seeks a civil remedy for personal injuries pursuant to 18 U.S.C. Section

2255, which allows a private cause of action for victims of violations of inter alia Sections 2251,

2252, 2252A, 2421, 2422, 2423 of Title 18 of the United States Code.

5. That the immunity that no provider or user of an interactive computer service shall be

treated as the publisher or speaker of any information provided by another information content

provider in 47 U.S.C. Section 230 (1996), (Communications Decency Act) does not apply to this

action because: 47 U.S.C. Section 230(e)(1) does not impair matters of enforcement of rights by

victims of violations under Title 18, Chapter 110, relating to the exploitation of children, and

specifically  18 U.S.C. Section 2255 and the statutes included therein; defendants are an

information content provider; defendants are aiders and abettors of criminal code violations in

that they facilitated child sex trafficking for profit by creating and maintaining this particular

website; and the executed United States Treaty, TIAS 13095, Optional  Protocol to the

Convention on the Rights of the Child on the Sale of Children, child prostitution and child

pornography (hereinafter Optional Protocol), in force as of January 20, 2003, takes precedence

over 47 USC 230 (1996) as the Supreme Law of the Land, Const. Art VI, cl. 2, and this treaty

creates primary rights to plaintiff and no "not self-executing document" was adopted by the

United States.

PARTIES

6. Plaintiff, M.A., is a fifteen year old minor, who was fourteen years old when she was

trafficked in the sex trade, and is a citizen of the State of Missouri.

7. Plaintiff, P.K., is an adult, over the age of twenty-one years, is the natural mother of

Plaintiff, M.A., a minor, has been appointed as Next Friend of Plaintiff, M.A., a minor, and is a

citizen of the State of Missouri.

8. Defendants, Village Voice Media Holdings, L.L.C., is an Arizona limited liability

company in good standing doing business as "backpage.com" and Backpage.com, LLC is a

foreign corporation in good standing doing business as "backpage.com" and which at all relevant

times herein defendants operated an online classified marketing advertisement website in

interstate commerce that allows the public to post for a fee, classified advertising for goods and

services including categorized advertising for escorts under the adult section which also includes

categories for transsexuals, strippers, body rubs, domination and fetish, and adult jobs (hereafter

jointly referred to as defendant or defendants).

2

9. Defendants are Information Content Providers within 47 USC 230 in that defendants were responsible in part for the development and/or creation of information provided through the internet or other internet computer service in that: defendants' website also has a search engine to allow focused searches by keywords of the postings; defendants developed the value and impact of the posted ad alleged herein by creating the highly viewed website, wherein defendants advertised that there are billions of page views of their ads per week and the website is a highly tuned marketing site with search tools, adult sex focused categories, and directions and features offered regarding how to increase the impact of your ad for a fee; defendants offer special ad placement for a fee; defendants offer automatic reposting to a top spot for a fee; defendants offer knowledge regarding how to post ads and pay anonymously; defendants advertise its website to increase page views of the ads; defendants remove spam from its website to increase page views of placed ad; defendants offer commissions to customers for referrals of other customers; and defendants enable viewers and posters to search and review popular searches; defendants have posting rules and limitations which aid in the sight veiling of illegal sex services ads to create the veil of legality.  All of these acts make defendants the creators and developers of the posted advertisements including the ads alleged herein.

VICTIMIZATION OF PLAINTIFF M.A.

10. That in 2009 and 2010 Plaintiff M.A., a minor, while being a fourteen year old runaway child, was being sexually trafficked by Latasha Jewell McFarland, an adult, who has pled guilty to criminal charges and has been sentenced relating to the allegations herein and has admitted to the following facts in open court which are stated as facts hereinafter: she photographed minor M.A. displaying private body parts in sexual pornographic poses; she posted this child pornography on defendants' website, backpage.com in advertisements seeking payment for sex; she paid backpage.com for these sex ad postings; she reposted ads; she transported minor M.A. for the purposes of multiple sexual liaisons for money with adult male customers obtained

3

through defendants' website; she collected money for minor M.A.'s sexual services from these customers; and she purchased goods to facilitate these sexual services.

11. In 2009 and 2010, Defendants posted many advertisements which included explicit nude photographs of Plaintiff, M.A., a minor, advertising her services as an escort for sex on backpage.com and received fees for each posting.

12. That defendants had knowledge that: explicit sexual pornographic photographs were being posted on its website; that postings on their website were advertisements for prostitution services; that numerous minors were included in these postings for prostitution on its website; that sex trafficking of minors is prolific in the United States of America; that the internet, including their website, was used for advertisements for illegal sexual contact with minors; that on numerous prior occasions defendants were made aware of minors being trafficked on their website; that according to defendants, on five prior occasions defendants responded to subpoenas involving the trafficking of minors on backpage.com and this does not include other cases involving minors of which defendants are aware wherein defendants cooperated with authorities without subpoena.

13. By posting explicit nude photographs of Plaintiff, M.A., a minor, in an advertisement which advertised her services as an escort for sex on backpage.com, Defendants facilitated child sex trafficking and aided and abetted McFarland in violating each criminal statute and United States Treaty Optional Protocol herein alleged,  in that:  Defendants had a strong suspicion that the aforementioned crimes were being committed yet was so indifferent that they failed to investigate for fear of what it would learn; Defendants had a desire that these posters accomplished their nefarious illegal prostitution activities so that the posters would return to the website and pay for more posting; and defendants continued to maintain their website so as to participate in these illegal transactions.  Therefore, actual knowledge of the specific crime is unnecessary based upon the "ostrich rule" which allows an inference of knowledge in that, at

4

best, defendants was deliberately ignorant of the specific crimes that were being committed on its website.

14. That minor M.A. was a victim Of McFarland of multiple violations of Title 18 sections 2251 (sexual exploitation of children), 2252 (computer use in sexual exploitation of children), 2252A (child pornography), 2421(transportation of a person for prostitution), 2422 (coercion and enticement to act as a prostitute) and 2423(transportation of a minor for sexual activities) and Defendants aided and abetted these crimes and is therefore liable for their participation.

15. Pursuant to 47 U.S.C. Section 230, no immunity attaches in favor of Defendants in that: Defendants have aided and abetted crimes against  a child under 18 U.S.C. Sections 2251, 2252, 2252A, 2421, 2422, 2423, relating to their maintaining and operating backpage.com, which is a facilitator of child pornography and facilitator of child sex trafficking; and defendants have violated the primary rights of plaintiff pursuant to the Optional Protocol Treaty, and specifically the statutes and United States Codes alleged, supra, in this paragraph which statutes were each cited to the United Nations General Assembly by the United States of America in the Initial Report on the Optional Protocol Treaty supporting the remedial mechanism for execution and enforcement of the treaty within the United States of America.  The treaty is self-executing.

16. Defendants' conduct violated the plaintiff's primary rights under the Optional Protocol Articles: Article 1; Article 2(b); Article 3;(1)(i)(a) and (c); Article 3(2) and (4); Article 4 (2); Article 9 (1), (4) and (5).  The text of the Treaty is attached hereto and incorporated by reference as Exhibit A.

17. Plaintiff M.A., a minor, was a victim of violations of 18 U.S.C. 2251, 2252, 2252A, 2421, 2422, 2423 and the Optional Protocols, and as a direct result of such violations Plaintiff M.A., a minor, suffered, suffers and will in the future continue to suffer, personal injury, including mental anguish, psychological damage, psychiatric damage and emotional distress, and all such injuries are on going, permanent and progressive.

5

16. That as a direct result of Defendants' violations of 18 U.S.C. sections 2251, 2252, 2252A, 2421, 2422,  2423 and the Optional Protocols, which victimized Plaintiff M.A., a minor, M.A. will need money for reasonable medical, doctor and hospital care and will be caused to undergo further reasonable and necessary medical care and treatment the future.  That 18 U.S.C. Section 2255 provides for a minimum of $150,000.00 as damages for a victim for each of the aforesaid violations and reasonable attorney's fees, and each photograph constitutes a separate violation and each publication or posting constitutes a separate violation.

WHEREFORE, Plaintiff M.A., a minor, by and through her Next Friend P.K. and P.K. individually, prays judgment against Defendants Village Voice Media Holdings, L.L.C. and Backpage.com, LLC, for a fair and reasonable amount and for One Hundred Fifty Thousand Dollars ($150,000.00) for each violation alleged above, reasonable attorney's fees, and for their costs expended herein, and for such other and further relief as the Court finds appropriate.

## COUNT II

COMES NOW plaintiff, M.A., a minor, by and through her Next Friend, P.K., and for Count II of their Complaint for damages, hereby alleges as follows:

## NATURE OF THE ACTION

17. This is an action for damages, attorney's fees and other appropriate relief arising under, 18 U.S.C. Chapter 77, Section 1581 et seq.

18. This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1331 as the case arises under the laws of the United States.

19. Venue lies in this District pursuant to the provisions of 28 U.S.C. Section 1391.

20. This action seeks a civil remedy for personal injuries pursuant to 18 U.S.C. Section 1595, which allows a private cause of action for victims of violations of, inter alia, Sections 1590, 1591 and 1595 of Title 18 of the United States Code.

21. That the immunity that no provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content

provider in 47 U.S.C. Section 230 (1996), (Communications Decency Act) does not apply to this action because: 47 U.S.C. Section 230 (e)(1) does not impair matters of enforcement of rights by victims of any federal criminal statute; Defendants are information content providers; defendants are aiders and abettors of criminal code violations in that they facilitated child sex trafficking for profit by creating and maintaining this particular website; and the executed United States Treaty, TIAS 13095, Optional  Protocol to the Convention on the Rights of the Child on the Sale of Children, child prostitution and child pornography (hereinafter Optional Protocol), in force as of January 20, 2003, takes precedence over 47 USC 230 (1996) as the Supreme Law of the Land, Const. Art VI, cl. 2, and this treaty creates primary rights to plaintiff and no "not self-executing" document was adopted.

PARTIES

22. Plaintiff, M.A., is a fifteen year old minor, who was fourteen years old when she was trafficked in the sex trade, and is a citizen of the State of Missouri.

23. Plaintiff, P.K., is an adult, over the age of twenty-one years, is the natural mother of Plaintiff, M.A., a minor, has been (will be) appointed as Next Friend of Plaintiff, M.A., a minor, and is a citizen of the State of Missouri.

24. Defendants, Village Voice Media Holdings, L.L.C., is an Arizona limited liability company in good standing doing business as "backpage.com" and Backpage.com, LLC is a foreign corporation in good standing doing business as "backpage.com" and which at all relevant times herein defendants operated an online classified marketing advertisement website in interstate commerce that allows the public to post for a fee, classified advertising for goods and services including categorized advertising for escorts under the adult section which also includes categories for transsexuals, strippers, body rubs, domination and fetish, and adult jobs (hereafter jointly referred to as defendant or defendants).

25. Defendants are Information Content Providers within 47 USC 230 in that defendants were responsible in part for the development and/or creation of information provided through the

7

internet or other internet computer service in that: defendants' website also has a search engine to allow focused searches by keywords of the postings; defendants developed the value and impact of the posted ads alleged herein by creating the highly viewed website, wherein defendants advertised that there are billions of page views of their ads per week and the website is a highly tuned marketing site with search tools, adult sex focused categories, and directions and features offered regarding how to increase the impact of your ads for a fee; defendants offer special ad placements for a fee; defendants offers automatic reposting to a top spot for a fee; defendants offer knowledge regarding how to post ads and pay anonymously; defendants advertise its website to increase page views of the ads; defendants removes spam from its website to increase page views of placed ad; defendants offer commissions to customers for referrals of other customers; and defendants enable viewers and posters to search and review popular searches; defendants have posting rules and limitations which aid in the sight veiling of illegal sex services ads to create the veil of legality.  All of these acts make defendants the creators and developers of the posted advertisements including the ads alleged herein.

VICTIMIZATION OF PLAINTIFF M.A.

26. That in 2009 and 2010 Plaintiff M.A., a minor, while being a fourteen year old runaway child, was being sexually trafficked by Latasha Jewell McFarland, an adult, who has pled guilty to criminal charges and has been sentenced relating to the allegations herein and has admitted to the following facts in open court which are stated as facts hereinafter: she photographed minor M.A. displaying private body parts in sexual pornographic poses; she posted this child pornography on defendants' website, backpage.com in advertisements seeking payment for sex; she paid backpage.com for these sex ad postings; she reposted ads; she transported minor M.A. for the purposes of multiple sexual liaisons for money with adult male customers obtained through defendants' website; she collected money for minor M.A.'s sexual services from these customers; and she purchased goods to facilitate these sexual services.

8

27. In 2009 and 2010, Defendants posted many advertisements which included explicit nude photographs of Plaintiff, M.A., a minor, advertising her services as an escort for sex on's backpage.com website which received fees for each posting.

28. That defendants had knowledge that: explicit sexual pornographic photographs were being posted on its website; that postings on their website were advertisements for prostitution services; that numerous minors were included in these postings for prostitution on its website; that sex trafficking of minors is prolific in the United States of America; that the internet, including their website, was used for advertisements for illegal sexual contact with minors; that on numerous prior occasions defendants were made aware of minors being trafficked on their website; that according to defendants, on five prior occasions defendants responded to subpoenas involving the trafficking of minors on its site and this does not include other minor cases of which defendants are aware where defendants cooperated with authorities without subpoena such as this case.

29. By receiving money for posting explicit nude photographs of Plaintiff, M.A., a minor and posting advertisement for sex for money on backpage.com, Defendants are liable to plaintiff under 18 US 1595, which creates liability against any person or entity whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter.

30. By posting explicit nude photographs of Plaintiff, M.A., a minor, in an advertisement which advertised her services as an escort for sex on backpage.com, Defendants facilitated child sex trafficking and aided and abetted McFarland in the crime exploitation of children and child pornography and in violating each criminal statute and United States Treaty Optional Protocol herein alleged,  in that:  Defendants had a strong suspicion that the aforementioned crimes were being committed yet was so indifferent that they failed to investigate for fear of what it would learn; Defendants had a desire that these posters accomplished their nefarious illegal prostitution activities so that the posters would return to the website and pay for more posting and defendants

9

continued to maintain their website as a participant in these illegal transactions.  Therefore, actual knowledge of the specific crime is unnecessary based upon the "ostrich rule" which allows an inference of knowledge in that, at best, defendants was deliberately ignorant of the specific crimes that were being committed on its website.

31. That minor M.A. was a victim of multiple violations of Title 18 section 1590, 1591 and 1595 by Defendants as  aiders and abettors and directly under 18 USC 1595, "should have known" standard.

32. Plaintiff M.A., a minor, was a victim of a violation of 18 U.S.C. 1590, 1591, 1595 and the Optional Protocols and as a direct result of such violations Plaintiff M.A., a minor, suffered, suffers and will in the future continue to suffer, personal injury, including mental anguish and emotional distress, and all such injuries are permanent and progressive.

33. That as a direct result of Defendants' violations of 18 U.S.C. section 1590, 1591, 1595 and the Optional Protocols which victimized Plaintiff M.A., a minor, M.A. received medical, doctor, psychological and hospital treatment and care and will be caused to undergo further reasonable and necessary such care and treatment in the future.

34. That plaintiff is entitled to reasonable attorney's fees and has retained an attorney for the prosecution of such claims.

WHEREFORE, Plaintiff M.A., a minor, by and through her Next Friend P.K. and P.K. individually, prays judgment against Defendants Village Voice Media Holdings, L.L.C. and Backpage.com, LLC, for a fair and reasonable amount well in excess of Seventy-Five Thousand Dollars ($75,000.00), reasonable attorney's fees, and for their costs expended herein, and for such other and further relief as the Court finds appropriate.

/s/ Robert H. Pedroli, Jr.
Robert H. Pedroli, Jr. - #34257MO
Daniel J. Gauthier - # 37375MO
Eric A. Ruttencutter - #38883MO
PEDROLI & GAUTHIER
Attorneys for Plaintiff
7777 Bonhomme Avenue, Suite 2250
Clayton, MO  63105-1911
314/726-1817
314/726-6087 (Fax)

12/7/10
pr