UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| M.A., a minor, by and through her Natural Mother and Next Friend, P.K., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:10-CV-1740 TCM |
| VILLAGE VOICE MEDIA HOLDINGS, L.L.C., d/b/a backpage.com, et al., | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Backpage.com, LLC (misnamed in the alternative as "Village Voice Media Holdings, L.L.C., d/b/a backpage.com")[1] moves to dismiss plaintiff's First Amended Complaint ("Amended Complaint") for failure to state a claim upon which relief may be granted.

Section 230 of the Telecommunications Act of 1996, 47 U.S.C. § 230 ("Section 230"), sometimes referred to by the title of the chapter in which it was contained, the Communications Decency Act ("CDA"), precludes civil liability on Internet intermediaries for publication or dissemination of third-party content. Plaintiff's Amended Complaint alleges a civil cause of action for the publication and dissemination of an advertisement that was created by Latasha Jewell McFarland, a third-party.

---

1 Plaintiff's Amended Complaint names both Village Voice Media Holdings, L.L.C. d/b/a backpage.com, and Backpage.com, LLC as defendants in this matter. The correct legal entity is Backpage.com, LLC. However, to date, plaintiff has not issued or served summons on Backpage.com, LLC. Out of an abundance of caution, the present Motion to Dismiss is asserted on behalf of both named defendants, who will be referred to in the singular as "Backpage" for ease of use.

Backpage, as a provider of an interactive computer service (the Backpage.com website), is immune from liability for the acts alleged by plaintiff (publication and dissemination of an advertisement) because the content for the advertisement was provided by another information content provider (Ms. McFarland).  47 U.S. C. § 230(c); *see also Doe v. Bates*, No. 5:05-CV-91, 2006 WL 3813758 (E.D. Tex. Dec. 27, 2006).  Further, plaintiff's new allegations that a "self-executing" treaty of the United States is the "Supreme Law of the Land" and provides a private, civil cause of action that preempts Section 230's broad immunity provision is inaccurate as a matter of law.

Finally, the Amended Complaint's conclusory allegations that Backpage has knowledge of illegal activities occurring on the website is irrelevant to the issue of Section 230 immunity as a matter of law, and even if they were somehow relevant (or true), plaintiff failed to plead her factual allegations to the standard required by Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This Motion is supported by the pleadings in this matter, and a supporting Memorandum of Law.

Respectfully submitted,
THOMPSON COBURN LLP

By:  /s/ Michael L. Nepple
    Mark Sableman #36276 MO
    Michael L. Nepple #42082 MO
    One US Bank Plaza
    St. Louis, Missouri 63101
    (314) 552-6000 (telephone)
    (314) 552-7000 (facsimile)
    *msableman@thompsoncoburn.com*
    *mnepple@thompsoncoburn.com*

Attorneys for Defendant Backpage.com, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system this 21st day of December, 2010, upon all counsel of record.

/s/ Michael L. Nepple